LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

PRIMO ALVAREZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

    v.

JUST SALAD LLC,
JOHN DOE CORPORATIONS 1-20
    d/b/a JUST SALAD and
NICK KENNER,

    Defendants.

_____

Case No.:

CLASS AND
COLLECTIVE ACTION
COMPLAINT

Jury Trial Demanded

Plaintiff, PRIMO ALVAREZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, JUST SALAD LLC, JOHN DOE CORPORATIONS 1-20 d/b/a JUST SALAD, and NICK KENNER ("Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, PRIMO ALVAREZ, is a resident of Kings County, New York.

6. JUST SALAD LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process, located at C/O Just Salad LLC, 663 Lexington Avenue, Second Floor, New York, NY 10022.

7. JUST SALAD LLC operates a food services enterprise under the trade name "Just Salad" at the following locations:

   a. Financial District – 100 Maiden Lane, New York, NY 10038;

   b. Midtown East – 663 Lexington Avenue, New York, NY 10022;

   c. Murray Hill – 600 Third Avenue, New York, NY 10016;

   d. Hudson Square – 325 Hudson Street, New York, NY 10013;

   e. Midtown East – 320 Park Avenue, New York, NY 10022;

   f. Fashion District – 134 West 37th Street, New York, NY 10018;

   g. Rockefeller Plaza – 30 Rockefeller Plaza, New York, NY 10112;

    h.  World Wide Plaza – 321 West 49th Street, New York, NY 10019;

    i.  Greenwich Village – 53 East 8th Street, New York, NY 10003;

    j.  Upper East Side – 1471 Third Avenue, New York, NY 10028;

    k.  Upper East Side – 1306 First Avenue, New York, NY 10021;

    l.  Financial District – 90 Broad Street, New York, NY 10004;

    m.  Upper West Side – 2056 Broadway, New York, NY 10023;

    n.  Chelsea – 140 Eighth Avenue, New York, NY 10011;

    o.  Macy's Herald Square – 151 West 34th Street, New York, NY 10001;

    p.  Flatiron – 315 Park Avenue South, New York, NY 10010;

    q.  Financial District – 233 Broadway, New York, NY 10279;

    r.  Chelsea (FIT) – 291 Seventh Avenue, New York, NY 10001; and

    s.  Park Slope – 252 7th Avenue, Brooklyn, NY 11215 (collectively, the "Just Salad Restaurants").

Defendants also operated a "Just Salad" Restaurant at 4344 21st Street, Long Island City, NY, which is no longer operating. JOHN DOE CORPORATIONS 1-20 d/b/a JUST SALAD are various business corporations doing business as one of the Just Salad Restaurants throughout New York City, which employ Plaintiff, FLSA Collective Plaintiffs and Class Members under a common wage and hour policy. Individual Defendant NICK KENNER is the Chief Executive Officer and Owner of JUST SALAD LLC and JOHN DOE CORPORATIONS 1-20 d/b/a JUST SALAD.

    8.  JUST SALAD LLC, together with JOHN DOE CORPORATIONS 1-20 d/b/a JUST SALAD, have owned and/or operated the Just Salad Restaurants.

9. Courts in the Second Circuit routinely find employers of one establishment, including those in chains and franchises, jointly liable for wage and hour violations at other establishments if the separate establishments operate as a single integrated enterprise, where restaurants are engaged in related activities, share common control and have a common business purpose. In *Lin v. Benihana National Corp.*, plaintiffs worked at the same "Benihana" franchise location but the Court did not dismiss the other franchisor defendants or franchisee defendants even though they did not directly employ plaintiffs, permitting plaintiffs to move for class certification to recover unpaid wages upon a showing of single integrated enterprise. No. 10 Civ. 1335 (S.D.N.Y. 2010). In *Garcia v. Chipotle Mexican Grill, Inc.*, plaintiff worked at five Chipotle locations in New York City and the Court granted city-wide collective certification upon a showing of a common policy that violated the law. No. 16 Civ. 601 (S.D.N.Y., Nov. 4, 2016). In *Gomez v. Terri Vegetarian LLC d/b/a Terri, et al.*, the Court granted collective certification for three restaurants commonly owned and operated, operating under the same trade name, with interchangeable staff. No. 17 Civ. 213 (S.D.N.Y., June 16, 2017). Here, Defendant's food services enterprise includes nineteen (19) currently operating Just Salad Restaurants throughout New York City. The various stores are marketed as one common enterprise under the same trade name, "Just Salad." Employees were freely interchangeable among the nineteen (19) (or more) Just Salad restaurants in New York City. All employees are paid by the same payroll methods. All employees are placed and promoted along the same career ladder. Applicants can apply to work for any one of the Just Salad Restaurants through Just Salad's website at https://www.justsalad.com/careers. In addition, Defendants post all available positions for all locations on a central domain, at the above website. Lastly, Defendants' Just Salad Restaurants serve a common business purpose and

are engaged in the same business of serving the same cuisine to customers and patrons. Defendants' Just Salad Restaurants have the same logo and the same menu for all locations.

10. Individual Defendant NICK KENNER is the Chief Executive Officer of JUST SALAD LLC and JOHN DOE CORPORATIONS 1-20 d/b/a JUST SALAD and has ownership interest in the Just Salad Restaurants operating in New York State. Individual Defendant NICK KENNER exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class by creating, amending and implementing management and operation policies and practices that are to be followed in all of the Just Salad Restaurants in New York State. Individual Defendant NICK KENNER exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at the Just Salad Restaurants. Individual Defendant NICK KENNER additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant NICK KENNER exercises functional control over the business and financial operations of Just Salad Restaurants and ensure that managers and employees are properly trained, that the quality of the food at each location meet the standards, and that employees effectively serve and cater to customers to ensure that each of the Just Salad Restaurants is operating efficiently and profitably. Individual Defendant NICK KENNER makes regular announced and unannounced visits to each of the Just Salad Restaurants. Plaintiff ALVAREZ saw Individual Defendant NICK KENNER every two to three days at the various Just Salad Restaurants he worked at. He possesses and

exercises the authority to make changes in the policies and practices of each Just Salad location. Employees could complain to Individual Defendant NICK KENNER directly regarding any of the terms of their employment, and he would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation or terminating or hiring such employees.

11. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons who were paid on an hourly basis, including kitchen managers, delivery managers and assistant kitchen managers, employed by Defendants at each of the Just Salad Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages for all hours worked due to time shaving, and proper wages for all overtime hours at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons who are paid on an hourly basis, including kitchen managers, delivery managers, and assistant kitchen managers, employed by Defendants at each of the Just Salad Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages due to time-shaving, (ii) failing to pay proper overtime premium for hours worked in excess of forty (40) hours in a workweek, including those due to time-shaving, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work;

d) Whether Defendants caused time shaving by forcing employees to clock out and keep working;

e) Whether Defendants caused time shaving by automatically deducting a lunch break per workday but forcing employees to keep working;

f) Whether Defendants failed to pay Class members their overtime premium at a rate of time and a half of their regular rate for hours worked over forty (40) in a workweek;

g) Whether Defendants failed to pay Class members the spread of hours premium for days in which their workday exceeded ten hours;

h) Whether Defendant provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

i) Whether Defendant provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

**STATEMENT OF FACTS**

24. In or about June 2008, Plaintiff, PRIMO ALVAREZ, was hired by Defendants to work as a dishwasher and later as a kitchen manager (food preparer) for Defendants' Just Salad Restaurant located at 100 Maiden Lane, New York, NY 10038.

25. From the beginning of Plaintiff's employment with Defendants until on or about April 17, 2017, when he was discharged, Plaintiff worked at the following Just Salad Restaurant locations at various times:

   a. 100 Maiden Lane, New York, NY 10038 ("Just Salad Financial District");

   b. 600 Third Avenue, New York, NY 10016 ("Just Salad Murray Hill");

   c. 134 W 37th Street, New York, NY 10018 ("Just Salad Fashion District");

   d. 325 Hudson Street, New York, NY 10013 ("Just Salad Hudson Square"); and

   e. 663 Lexington Avenue, New York, NY 10022 ("Just Salad Midtown East").

In addition, Plaintiff worked at a Just Salad Restaurant location at or near 4344 21st Street, Long Island City, NY 11101—the location is no longer in operation, but he was paid by the corporate entity "Just Salad 1st Avenue LLC." Throughout his employment with Defendants, the managers of Just Salad Restaurants made unilateral decisions to transfer him from one Just Salad location to another.

26. Specifically, Plaintiff worked at Just Salad Financial District from the beginning of his employment until in or around June 2012. In or around June 2012, Plaintiff was transferred to work at Just Salad Murray Hill. After approximately one year, in or around June 2013, Plaintiff was transferred back to work at Just Salad Financial District. From in or around January 2014 until in or around September 2014, Plaintiff was transferred to work at Just Salad Fashion District. In or around September 2014, Plaintiff was transferred to work in a Just Salad location

in Long Island City, Queens, which no longer exists. From in or around May 2016 until around January 2017, Plaintiff was transferred to work at Just Salad Hudson Square. From in or around January 2017 until the end of Plaintiff's employment with Defendants, Plaintiff was transferred to work at Just Salad Midtown East. Through his personal observations and conversations with other non-exempt employees, all Just Salad Restaurants operated under central management. Employees are freely transferable among all Just Salad Restaurants.

27. At all times during Plaintiff's employment with Defendant, he worked as a non-exempt employee and was paid an hourly wage at the following rate:

    a. June 2009 – May 2012: $8.50 per hour, for all hours worked;

    b. June 2012 – May 2013: $9.50 per hour, plus overtime;

    c. June 2013 – December 2014: $13.50 per hour, plus overtime;

    d. January 2015 – December 2015: $14.17 per hour, plus overtime;

    e. January 2016 – May 2016: $14.67 per hour, plus overtime;

    f. June 2016 – December 2016: $15.50 per hour, plus overtime; and

    g. January 2017 – April 2017: $15.81 per hour, plus overtime.

Other kitchen managers, delivery managers and assistant kitchen managers were similarly paid on an hourly rate. Although these job titles contain "manager" in them, none of these positions held any managerial power or duties.

28. From in or around June 2009 until around June 2012, Plaintiff was scheduled to work fifty-two and a half (52.5) hours per week from 6:00am to 4:30pm for five (5) days a week. From in or around June 2012 until in or around January 2014, Plaintiff was scheduled to work fifty-five (55) hours per week from 5:00am to 4:00pm for five (5) days a week. From in or around January 2014 until in or around January 2017, Plaintiff was scheduled to work fifty (50)

hours per week from 5:00am to 3:00pm for five (5) days a week. From in or around January 2017 until the end of Plaintiff's employment with Defendants, he was scheduled to work fifty-four (54) hours per week from 5:00am to 2:00pm from Mondays through Thursdays and from 5:00am to 11:00pm on Fridays.

29. Plaintiff ALVAREZ was not paid for all of his hours worked. Throughout his employment with Defendants at various Just Salad Restaurants, thirty (30) minutes was automatically deducted per workday from Plaintiff ALVAREZ. However, despite Plaintiff ALVAREZ being clocked out, at least three to four times a week, Plaintiff was required to work through his lunch break. This resulted in an unpaid one-and-a-half hour to two hour each week. Depending on the number of hours Plaintiff worked in any given week, the off-the-clock hours would be overtime hours, which should be paid at an overtime premium rate. Based on his observation and conversations with other non-exempt employees who were paid hourly wages, such policy of time-shaving was prevalent at each of the Just Salad Restaurants locations, and applied to all non-exempt employees. Regardless of which Just Salad Restaurant location Plaintiff was transferred to work at, Defendants had a common policy that automatically deducted thirty (30) minutes every workday for lunch; however, at each location, the respective manager would request Plaintiff and his co-workers to work through the lunch break at least three to four times each week.

30. Furthermore, while Plaintiff was employed at Just Salad Murray Hill, the manager, Pamela Anderson, made Plaintiff and other non-exempt employees employed at Just Salad Murray Hill work thirty to forty-five minutes after clocking out to prepare and cut lettuce for the restaurant. At Just Salad Murray Hill, Plaintiff and other non-exempt employees clocked out after their scheduled shift, but were required to work off-the-clock three to four times a week.

31. Because of Defendant's policy of time-shaving, Plaintiff and Class members did not receive compensation for all of their hours worked, including overtime hours, because the hours worked as reflected in the paystubs were incorrect.

32. Before in or around June 2012, Defendants compensated Plaintiff and Class members on a straight-time basis and failed to pay Plaintiff and Class members at the statutory time and a half overtime premium rate for their hours worked over forty (40) hours in a workweek. Throughout Plaintiff's employment, he and Class members were regularly required to work over forty (40) hours per week.

33. At times, the workdays of Plaintiff and Class members exceeded ten (10) hours per day. However, at times, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL. Specifically, at least prior to June 2012, Defendants failed to pay Plaintiff and other Class members their spread of hours premium.

34. Defendant knowingly and willfully operated their business with a policy of not paying employees for all hours worked, including overtime hours, due to a policy of time-shaving, in violation of the FLSA and New York Labor Law.

35. Defendant knowingly and willfully operated their business with a policy of not paying employees their overtime premium for overtime hours worked due to a policy of compensating employees on a straight time basis in violation of the New York Labor Law.

36. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members for each day in which their workday exceeded ten hours, in violation of the NYLL.

37. Defendant knowingly and willfully operated their business with a policy of not providing proper wages statements to non-exempt employees as required under the New York Labor Law.

38. Defendant knowingly and willfully failed to provide proper wage and hour notice to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

39. Because PRIMO ALVAREZ worked at multiple Just Salad Restaurant locations, he personally observed that all of the above described federal and state wage and hour policies were consistent among the Just Salad Restaurant locations operated by Defendants.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this Class and Collective Action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

45. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

46. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

47. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' policy of time-shaving.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this Class and Collective Action Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

56. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to time shaving.

57. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all overtime hours worked at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, including overtime wages owed due to Defendants' policy of time-shaving.

58. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the spread of hours premium for days in which their workdays exceeded ten hours.

59. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

60. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

61. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving, unpaid overtime, unpaid overtime compensation due to time-shaving, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of time shaving;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law, including those due to Defendants' policy of time shaving;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked and overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked, overtime compensation, and spread of hours premium pursuant to the New York Labor Law;

h.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  July 17, 2017

    Respectfully submitted,

    LEE LITIGATION GROUP, PLLC
    C.K. Lee (CL 4086)
    Anne Seelig (AS 1976)
    30 East 39th Street, Second Floor
    New York, NY 10016
    Tel.: 212-465-1188
    Fax: 212-465-1181
    *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

    By:  /s/ C.K. Lee
          C.K. Lee (CL 4086)